IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| EMC MORTGAGE LLC and<br>JPMORGAN CHASE BANK, N.A., | § | |
| | § | |
| | § | No. 82, 2015 |
| Defendants Below-<br>Appellants, | § | |
| | § | |
| | § | |
| v. | § | Court Below—Court of Chancery |
| | § | of the State of Delaware, |
| BEAR STEARNS MORTGAGE<br>FUNDING TRUST 2006-SL1, by U.S.<br>Bank, N.A., as Trustee, | § | C.A. No. 7701 |
| | § | |
| | § | |
| Plaintiff Below-<br>Appellee. | § | |
| | § | |

Submitted: February 20, 2015
Decided: March 17, 2015

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## O R D E R

This 17th day of March 2015, it appears to the Court that:

(1)    The defendants-appellants, EMC Mortgage LLC and JPMorgan Chase Bank, N.A. (collectively, "EMC"), have petitioned this Court under Supreme Court Rule 42 to accept an appeal from an interlocutory order of the Court of Chancery, dated January 22, 2015, which implemented the trial court's opinion dated January 12, 2015. The Court of Chancery's opinion granted the plaintiff's motion to reargue an earlier opinion dismissing most counts of the plaintiff's complaint as barred by laches. In granting the motion for reargument, the Court of Chancery

held, among other things, that it had: (i) failed to consider controlling precedent; (ii) failed to consider Delaware law that treats an accrual provision as a condition precedent to the running of the statute of limitations; and (iii) failed to consider the General Assembly's August 1, 2014 amendment to 10 *Del. C.* § 8106(c). After granting reargument, the Court of Chancery denied EMC's motion to dismiss.

(2) EMC filed the application for certification to take an interlocutory appeal in the Court of Chancery on February 2, 2015. The Court of Chancery denied the certification application on February 19, 2015.

(3) Applications for interlocutory review are addressed to the sound discretion of this Court. In the exercise of its discretion, this Court has concluded that the application for interlocutory review does not meet the requirements of Supreme Court Rule 42(b) and should be refused.

NOW, THEREFORE, IT IS HEREBY ORDERED that the within interlocutory appeal is REFUSED.

BY THE COURT:

_____
Justice

-2-